CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

SEP 22 2011

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| DONNIE WAYNE SENSABAUGH, | ) | CASE NO. 7:11CV00444 |
| | ) | |
| Petitioner, | ) | |
| | ) | MEMORANDUM OPINION |
| vs. | ) | |
| | ) | |
| STEPHANIE M. SHORTT, ET AL., | ) | By: James C. Turk |
| | ) | Senior United States District Judge |
| Respondent(s). | ) | |

Donnie Wayne Sensabaugh, a Virginia inmate proceeding pro se, filed this petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging the May 2010 judgment of the Floyd County Circuit Court under which he stands convicted of abduction with intent to defile, phone harassment, and contempt. Upon review of the record, the court concludes that the petition must be summarily dismissed without prejudice, based on his failure to exhaust state court remedies.

I

Although Sensabaugh's closely written submissions are difficult to read,[1] they indicate the following sequence of events related to the convictions under challenge in this petition. Sensabaugh was arrested and detained in April 2009 to face criminal charges in the Floyd County Circuit Court. During the course of the proceedings, he was represented by several court-appointed attorneys. On May 18, 2010, in a hearing before Judge Ray W. Grubbs,

---

[1] Sensabaugh's petition does not include the standard court form designed for inmates bringing habeas claims under § 2254. Rather, he submits a stack of handwritten documents with no discernable margins, few paragraph breaks, or headings. His allegations are rambling and repetitive. Included with his submissions are random copies of letters from attorneys and court orders with Sensabaught's handwritten notes around the margins. The attachments to the petition include a copy of the conviction and sentencing order entered on May 25, 2010, imposing the convictions and sentences he challenges here.

Sensabaugh pleaded guilty to a felony charge of abduction with intent to defile and misdemeanor charges of telephone harassment and contempt. On these convictions, respectively, Judge Grubbs sentenced him to concurrent terms of 42 years, 12 months, and 10 days imprisonment, with 40 years suspended. The judge also imposed a five-year term of supervised probation.

In his § 2254 petition, Sensabaugh complains that the Commonwealth failed to give him a timely trial and tampered with evidence; that the trial judge did not like Sensabaugh, failed to determine an adequate factual basis for the guilty plea, and denied him the opportunity to confront witnesses; and that the various attorneys appointed to represent him had conflicts of interest, failed to meet with or talk to him, failed to investigate or make motions, failed to present viable defenses and exculpatory evidence, advised him to plead guilty to crimes he did not commit, falsely promised that Sensabaugh's accuser would be in the courtroom during the guilty plea hearing, and in some cases, failed to represent him at all, leaving him to represent himself.

## II

Under 28 U.S.C. § 2254(b), a federal court cannot grant a habeas petition unless the petitioner has exhausted the remedies available in the courts of the state in which he was convicted. The exhaustion requirement is satisfied by seeking review of the claims in the highest state court with jurisdiction to consider the claims. See O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). In Virginia, after the time for direct appeal to the Court of Appeals of Virginia has expired, an inmate can exhaust his state court remedies in one of two ways. First, he can file a state habeas petition with the Circuit Court where he was convicted, with an appeal of an adverse decision to the Supreme Court of Virginia. Va. Code Ann. § 8.01-654(a)(1); § 17.1-411. In the alternative, he can file a state habeas petition directly with the Supreme Court of Virginia. § 8.01-654(a)(1). Whichever route the inmate chooses to follow, it is clear that he must

ultimately present his claims to the Supreme Court of Virginia and receive a ruling from that court before a federal district court can consider the merits of his claims under § 2254.

Sensabaugh's submissions offer no indication that he filed a direct appeal from the May 25, 2010 judgment of the Floyd County Circuit Court. He also presents no evidence that he has submitted his current claims on appeal or in a petition for a writ of habeas corpus to the Supreme Court of Virginia. Furthermore, electronic records of the Supreme Court of Virginia, which are available online, do not reflect that Sensabaugh has filed any appeal or habeas petition in the Supreme Court of Virginia regarding his Floyd County criminal convictions. Online records of the Floyd County Circuit Court reflect that Sensabaugh has a petition for a writ of habeas corpus pending in that court, filed September 8, 2010, in which the Circuit Court has not yet entered a decision. Thus, it is apparent that Sensabaugh has state court remedies still available to him, namely, Circuit Court habeas proceedings and a subsequent appeal to the Supreme Court of Virginia if the Circuit Court petition is denied.

In short, it is clear that Sensabaugh's current claims have not been presented to or adjudicated by the Supreme Court of Virginia. Until he has exhausted the available state court remedies, this federal court cannot consider his habeas claims here. Accordingly, the court must dismiss his § 2254 petition without prejudice. See Slayton v. Smith, 404 U.S. 53, 54 (1971) (finding that § 2254 habeas petition must be dismissed without prejudice if petitioner has not presented his claims to the appropriate state court and could still do so). An appropriate order will issue this day.

The Clerk is directed to send copies of this memorandum opinion and accompanying order to petitioner.

ENTER: This 22nd day of September, 2011.

                                                                            Senior United States District Judge